Haii, Judge,
 

 delivered the opinion of the Court:
 

 It has been alleged for the Defendants, that the Plaintiff ought to be barred, because he had it in his power at any time he pleased to make an entry on the land in question; by virtue of which entry, and his having a better title than the Defendant, the law would have adjudged him in possession ; and being so in possession, he might have had the same redress by action that he now seeks. Admitting that he might have taken this step, yet the law allowed him to choose the course he has taken of bringing an ejectment, and by that means possessing himself of the premises. And this mode of redress ought not to be discouraged, because thereby, he is put in possession of the land under the sanction of the judgment of the Court. Until such possession, the action fop mesne profits does not accrue, and from that time only, the statute of limitations begins to run. It seems to be a very wrong construction of the act to say, that a recovery can be had for the profits of the land for the last three years only, next before the commencement of the action, when the action of ejectment may have been pending ten or more years, and the Defendant lias been in the receipt of the profits during all that time; and when an action could not be commenced for them, until after possession gained by the action of ejectment. It is true, there is a dictum in
 
 Buller’s NisiPrius,
 
 88, which seems to be sanctioned by some' other books; but no adjudged onsc is found on which it rests.
 

 
 *240
 
 It is said, however, that no judgment has been formally entered up in the action of ejectment. We ail Jtnow that too little form is observed in our judicial pro-ceC(\¡ngS • but if the judgment has been entered in that action, as is usual in other similar cases, it must be deemed sufficient. As to the expiration of the demise, it ought not now to be an objection, after the Plaintiff has obtained judgment in the action of ejectment, and been put in possession of the lands. Let judgment be entered for the Plaintiff, for the mesne-profits for clevcu years, as assessed by the Jury.